

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, New York 10606*

June 6, 2025

**BY ECF AND EMAIL**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Isaiah Douglas*, 23 Cr. 485 (KMK)

Dear Judge Karas:

      The Government writes to request respectfully that the Court schedule an arraignment in this matter and to exclude time for purposes of the Speedy Trial Act to and through that date.

      On or about April 14, 2025, the Court ordered that the defendant's pretrial motions be filed by April 18, 2025, and excluded time. As directed, on April 18, 2025, the defendant filed various motions, including motions to dismiss the two 18 U.S.C. § 924(c) counts in the then-operative indictment. On or about April 24, 2025, a grand jury returned a superseding indictment. The Government then responded to the pending motions a few weeks later, on or about May 9, 2025.

      The defendant has not yet been arraigned on the superseding indictment. Accordingly, the Government requests that the Court schedule an arraignment for this month or a date soon thereafter that is practical for the Court.

      Although the defendant's pre-trial motions are still pending, the Government further requests that the Court exclude time to and through the date of the arraignment. Delay attributable to a pretrial motion is automatically excluded "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Courts previously have held that where a motion is resolved without a hearing, the period of automatic exclusion extends only 30 days from the date that the motion is "under advisement by the court." *See id.* § 3161(h)(1)(H); *United States v. Golston*, No. 23 Cr. 362 (AT), 2024 WL 149603, at *3 (S.D.N.Y. Jan. 12, 2024) ("[S]ubsection (H) places a thirty-day limit on subsection (D)'s otherwise open-ended exclusion of time for motions not requiring a hearing."). The Court has not yet indicated whether it will hold argument on the defendant's motion to dismiss. As a result, the Government seeks an order excluding time through the date of the arraignment in an abundance of caution in case the speedy trial clock is later calculated to have resumed running 30 days after the briefing period closed: on June 8, 2025.

Case 7:23-cr-00485-KMK   Document 56   Filed 06/09/25   Page 2 of 2
Case 7:23-cr-00485-KMK   Document 55   Filed 06/06/25   Page 2 of 2

Page 2

The Government submits that the requested exclusion of time would serve the interests of justice by allowing the Court continued time to evaluate and rule on the defendant's motions; granting the defense further time to review discovery; and giving the parties an opportunity to discuss a potential pretrial disposition of this matter. The Government further submits that the ends of justice served by granting of a continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Government has conferred with defense counsel and understands that the defense does not object to scheduling an arraignment or excluding time to and through that date.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

by: /s/
David A. Markewitz
Assistant United States Attorney
914-993-1920
david.markewitz@usdoj.gov

*The Court will hold oral argument on the pending motion on 7/23/25, at 2:00. Time is excluded until then, in the interests of justice, to allow counsel to discuss a potential resolution of the case. The interests of justice from this exclusion outweigh the public's and defense's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7)(A).*

So Ordered.

[signature]
6/9/25

cc: Counsel of Record (by ECF and Email)